## Incorporation of Carroll Valley Borough

*F. Joseph Larkin*, for petitioners for incorporation.

*Murray B. Frazee, Jr.*, for applicants for exclusion.

MacPHAIL, *P. J.*, September 30, 1974—There is only one issue to resolve in the proceeding to incorporate the borough of Carroll Valley. From the testimony at the two hearings held in this matter, it is obvious to the court that much thought and planning have been invested by responsible persons in the decision of the residents to incorporate. From

every aspect, it is apparent that incorporation is not only desirable but necessary. Indeed, no exceptions or objections have been filed to the proposed incorporation although requests to exclude certain lands therefrom have been filed as "exceptions." It is only the question of inclusion or exclusion of these lands that we must resolve before the borough may proceed.

The requests for exclusion include two tracts which are obviously unsettled orchard and farm lands and two single residential tracts included within those large farm areas. A resident on the west side of Legislative Route 01053 also asks to be excluded.

The pertinent section of The Borough Code which authorizes the court, in its discretion, to exclude lands exclusively used for the purpose of farming and other large and unsettled lands also provides that the criterion for exclusion shall be whether or not it appears that such land properly "belongs" to the proposed borough: Section 206 of the Borough Code of February 1, 1966, P.L. (1965) 1656, (No. 581), 53 P.S. §45206. In Bonneauville Borough Incorporation, 3 Adams 110 (1961), this court, through President Judge W. C. Sheely, said, at page 114: "At the same time such lands should not be included against the wishes of its owners unless the land is so related to the developed portion that it will naturally and within a reasonable time come to be built up and improved, or is essential to the operation of the functions of the proposed borough."

In the instant case, the agricultural land owners desiring to be excluded testified that their lands would not be developed in the foreseeable future. Their principal objection to being included is the fear of higher taxes, a fear which is certainly un-

derstandable in today's society and economy. However, that fact alone would not justify exclusion.

With respect to the development of these tracts, it must be observed that they lie (with the exception of a very small part) on the very edge of lands formerly owned by Charnita, Inc., which have now been subdivided. They front on Route 116 and Legislative Route 01053, areas which are ripe for commercial development and where such development has already occurred. Furthermore, they lie in a watershed area which will be vital to the water and sewage plans of the new borough.

Contrary to the situation in Bonneauville Borough Incorporation, supra, where the lands sought to be excluded were on the periphery of the proposed borough, the subject tracts here are for the most part in the "heart" of the area of the proposed borough. This court was impressed by the foresight and understanding of those persons who testified concerning planning for the orderly development of the proposed borough. Obviously, this involves land use planning and it has been demonstrated beyond any question that in order to be effective, such planning must include major land areas which are contiguous to and, by location, are a part of the area for which planning is sought. Finally, it will appear from the plot of the proposed borough that if the subject tracts are excluded, two parts of the proposed borough lying west of Legislative Route 01053 would be virtually isolated from the major land area of the borough.

In short, we come to the conclusion that the areas sought to be excluded under section 206 of The Borough Code naturally and geographically belong

to the proposed borough and should not be excluded therefrom.

There is no provision in the Code which would authorize the exclusion of individual residential sites.

Accordingly, the attached decree will be entered.


## DECREE

And now, September 30, 1974, the court, after hearing, finds that the provisions and requirements of The Borough Code of 1966, relating to the creation of new boroughs, Act of 1966, P.L. (1965) 1656, 53 P.S. §§45201-45213, inclusive, have been fully satisfied, that the only "exceptions" filed to the proposed borough incorporation are, in fact, requests for exclusion of lands used for farming, that the said lands requested to be excluded properly belong to the proposed borough and that this court deems it to be in the best interests of those persons residing within the boundaries of the proposed borough, that the incorporation be approved; it is ordered and decreed that the prayer of the petition for incorporation be and the same is hereby granted and that the lands encompassed within the description annexed to the complaint be incorporated into a borough, a body corporate and politic, under the name of the Borough of Carroll Valley, and that this petition and this decree be recorded in the Office of the Recorder of Deeds of Adams County at the cost of petitioners who shall also pay all other costs in connection herewith.